**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NOBLE ENVIRONMENTAL, INC., et al., | ) | CASE NO. 5:19-cv-1173 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NATIONAL FREIGHT LOGISTICS, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On May 21, 2019, Plaintiffs, Noble Environmental, Inc. and PennOhio Waste, LLC, filed the present action against numerous defendants, including defendant Landstar Ranger, Inc. ("Landstar Ranger"), seeking to recover for alleged damage to goods during transportation by a motor carrier. (Doc. No. 1 (Complaint).) The first amended complaint ("FAC") raises two claims: violations of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706 (Count One); and gross negligence (Count Two). (Doc. No. 12 (FAC).)

Landstar Ranger subsequently moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the FAC for failure to state a claim for relief against it, arguing that the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) preempts the only claim against it. (Doc. No. 17 (Landstar Ranger Motion to Dismiss ["MTD"]) at 89.) On August 19, 2019, plaintiffs and Landstar Ranger filed a document styled "Joint Stipulation to Extend Time." (Doc. No. 20 ["Stip."].) In their stipulation, the parties agreed to extend plaintiffs' deadline for responding to the Rule 12(b)(6) motion to September 18, 2019. The stipulation contemplated the

filing of an amended pleading as a response to the motion. (Stip. at 117.) The Court construed the parties' stipulation as a joint motion for an extension of time to respond to the motion to dismiss and granted the same. (Non-document Order, Aug. 21, 2019.)

On September 18, 2019, plaintiffs filed their second amended complaint ("SAC"). (Doc. No. 21 (SAC).) The amended pleading was not accompanied by any other filing, and—consistent with the parties' stipulation—the Court construes the SAC as plaintiffs' response to Landstar Ranger's motion. Without ruling on the merits of Landstar's Ranger's dispositive motion, the Court observes that it is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading. *See generally Bishop v. Lucent Techs., Inc*., 520 F.3d 516, 521 (6th Cir. 2008). As the SAC supersedes the FAC, Landstar Ranger's motion to dismiss the FAC is DENIED without prejudice. Further, Landstar Ranger's motion (Doc. No. 22) for an extension of time until October 16, 2019 to answer or otherwise respond to the SAC is GRANTED.

**IT IS SO ORDERED**.

Dated: October 1, 2019

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**