UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOBLE ENVIRONMENTAL, INC., et al., | ) | CASE NO. 5:19-cv-1173 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NATIONAL FREIGHT LOGISTICS, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss for failure to state a claim filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendant Landstar Ranger, Inc. ("Landstar"). (Doc. No. 26 ["Mot."].) Plaintiffs Noble Environmental, Inc. ("Noble") and PennOhio Waste, LLC ("PennOhio") (collectively, "plaintiffs") filed a response in opposition (Doc. No. 28 ["Opp'n"]) and Landstar filed a reply (Doc. No. 33 ["Reply"]). For the reasons set forth herein, Landstar's motion is denied.

**I.  BACKGROUND**

This lawsuit arises out of alleged damage to certain goods during transportation by a motor carrier. As alleged in the second amended complaint (Doc. No. 21 ["SAC" or "complaint"]), on November 11, 2018, Noble purchased a bulldozer at auction in Arizona for use at PennOhio's landfill in Ohio. (SAC ¶ 13.) Noble then entered into an oral agreement with defendant National Freight Logistics, Inc. ("National Freight")[1] to transport the bulldozer from Phoenix, Arizona to

---

[1] The docket contains a return of service by certified mail executed upon National Freight on August 3, 2019, the summons and complaint having been mailed by plaintiffs' counsel. (Doc. No. 18.) National Freight has not appeared to date. Arguably, the service could be challenged as ineffective and insufficient because it did not comply with Fed. R. Civ. P. 4(e)(1), which authorizes service of the summons and complaint pursuant to the law of the state where the district court is located, and/or Ohio R. Civ. P. 4.1(A)(1) & 4.3, which permit service of the summons and complaint *by the clerk* by certified mail, and/or Local Rule 4.2, which sets out the method for use by an attorney attempting to effect service in this Court pursuant to the law of Ohio.

Negley, Ohio. (*Id.* ¶ 14.) National Freight, without informing Noble or obtaining its consent, allegedly assigned its contractual rights and obligations with respect to the bulldozer to Landstar, who, in turn, allegedly assigned those rights and obligations to Green-Way. (*Id.* ¶ 16.) Green-Way is allegedly an alter ego, or "chameleon" company, for defendant Specialized Solutions. (*Id.* ¶ 17.) "Somehow, in a manner utterly unknown to [p]laintiffs . . . Specialized Solutions ended up with the [bulldozer] on its trailer." (*Id.* ¶ 19.) On December 3, 2018, the driver of the Specialized Solutions trailer carrying the bulldozer "drove . . . into the East Avenue Bridge on Interstate 76-77, closing the Interstate for nearly the entire day." (*Id.* ¶ 20 (footnote omitted).) There was "significant structural damage to the bridge" and the bulldozer itself was "totaled due to the accident." (*Id.* ¶¶ 21, 23.) Plaintiffs generally allege that the post-accident investigation found that neither the driver of the trailer nor Specialized Solutions was properly licensed or permitted to engage in this type of transport. (*Id.* ¶¶ 18, 24, 25, 27.) Noble never had any communications with any defendant other than National Freight before this accident occurred. (*Id.* ¶ 15.)

In count I of the complaint, plaintiffs set forth a claim against National Freight, Green-Way, and Specialized Solutions for a violation of the Carmack Amendment, 49 U.S.C. § 14706, *et seq.*, alleging that they are all "carriers" under the statute and are subject to strict liability for loss or injury to property during transport.

In count II, plaintiffs set forth a claim against Landstar for breach of contract. It is this count that is challenged by Landstar, which argues that, there being no contract between it and plaintiffs, the complaint fails to state a claim and must be dismissed against Landstar.

## II. DISCUSSION

### A. Legal Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### B. Analysis

To state a claim for breach of contract, plaintiffs must establish four elements: (1) a binding contract or agreement was formed; (2) the nonbreaching party performed its contractual

3

obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the nonbreaching party suffered damages as a result of the breach. *Carbone v. Nueva Constr. Grp., L.L.C.*, 83 N.E.3d 375, 380 (Ohio Ct. App. 2017) (quotation marks and citations omitted).

In its motion to dismiss, Landstar seeks dismissal with prejudice of plaintiffs' breach of contract claim in count II of the complaint, arguing that it (Landstar) has no contract with either plaintiff, and never did, and that plaintiffs do not allege otherwise. (Mot. at 154–55[2].) Landstar entered into a contract with National Freight, which Landstar does not dispute. (*Id*. at 156.) Plaintiffs allege that they had no knowledge of this contract. (SAC ¶ 40.) Landstar argues that "[p]laintiffs' failure to allege any facts that plausibly demonstrate the existence of a contract between [p]laintiffs and Landstar is fatal to [p]laintiffs' claims." (Mot. at 157.)

In opposition, without a single citation to the factual allegations in the complaint,[3] plaintiffs make the novel argument that "the Court could simply hold that [p]laintiffs' contract was assigned by [National Freight] to Landstar, assuming the allegations in the [c]omplaint are true, and then [p]laintiffs' breach of contract claim is clearly established and the [m]otion should be denied." (Opp'n at 167.) They also assert that count II is based on a third-party beneficiary theory, arguing that the contract between National Freight and Landstar "was intended to benefit plaintiffs[.]" (*Id.*; *see also Hill v. Sonitrol of Sw. Oh., Inc.*, 521 N.E.2d 780, 784 (Ohio 1988) (adopting Section 302 of Restatement of the Law 2d, Contracts, stating that "a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The Court trusts that future filings will contain proper record and legal citations.

4

beneficiary the benefit of the promised performance[]"]).) In the alternative, plaintiffs claim they are entitled to discovery on the issue of their third-party beneficiary status. (Opp'n at 169.) Finally, plaintiffs claim Landstar has admitted that, under the Carmack Amendment, brokers such as Landstar *can* be held liable for breach of contract, even though carriers may not be. (*Id*. at 168.)

In reply, Landstar argues that the opposition "heavily (and improperly) relies upon alleged facts that are not even plead [sic] in the [c]omplaint." (Reply at 187.) It rejects what it characterizes as a newly-raised assertion that plaintiffs are third-party beneficiaries of a contract between National Freight and Landstar. (*Id*. at 190–91.) Finally, it argues that discovery is not necessary or permitted because a motion to dismiss turns on the legal sufficiency of the complaint. (*Id.* at 191–92.)

Plaintiffs have the correct view. "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Sony Elec., Inc. v. Grass Valley Grp., Inc.*, Nos. C-010133, C-010423, 2002 WL 440749, at *3 (Ohio Ct. App. Mar. 22, 2002). "For a third-party beneficiary to be an intended beneficiary, the contract must have been entered into directly or primarily for the benefit of that person." *Id.* "[I]f the promisee . . . intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract." *Norfolk & Western Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980). As pointed out by the Sixth Circuit, "the mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." *Id*. (citation omitted).

5

Here, plaintiffs alleged that "Noble entered into an oral agreement with [National Freight] to transport the [bulldozer] from Phoenix, Arizona, to Negley, Ohio, for the use and benefit of [p]laintiff PennOhio, a subsidiary of Noble, which was known to [National Freight] at the time the agreement was reached." (SAC ¶ 41.) In other words, National Freight's agreement with Noble created a duty on the part of National Freight to transport the bulldozer for the benefit of Noble and its subsidiary, PennOhio. Plaintiffs further claim that Landstar "obtain[ed] . . . contractual rights from [National Freight]" and "assign[ed] [them] . . . to Green-Way and/or Specialized Solutions to transport [Noble's] [bulldozer] to . . . PennOhio's landfill." (*Id.* ¶ 39.) "PennOhio was the intended beneficiary of the delivery of the [bulldozer.]" (*Id*. ¶ 43.) Finally, plaintiffs allege that Landstar breached its contractual duties with respect to transporting the bulldozer by "failing to assign [those duties] . . . to an appropriate carrier to transport the [bulldozer] in a safe and legal manner to its destination." (*Id.* ¶ 45.)

Plaintiffs correctly claim their allegations are legally sufficient at the motion to dismiss stage of the proceedings to support a plausible claim for breach of contract on a third-party beneficiary theory.

## III. CONCLUSION

For the reasons set forth herein, defendant Landstar Ranger, Inc.'s motion to dismiss (Doc. No. 26) is denied.

**IT IS SO ORDERED**.

Dated: March 25, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**